UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMON R. JOHNSON,<br><br>       Plaintiff,<br>v.<br><br>MS. CHRISTINE EVANS, et al.,<br><br>       Defendants. | Case No. 2:20-cv-02363-GMN-EJY<br><br>SCREENING ORDER |

  Plaintiff, who was formerly incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) Plaintiff has also filed an application to proceed without prepayment of fees or costs (ECF No. 9) and a motion that his application be filed in ten other cases. (ECF No. 8). Based on the financial information provided, the Court grants Plaintiff's application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1).[1] The Court denies Plaintiff's motion to file his application in his other cases. It is Plaintiff's responsibility to ensure that any necessary documents are filed in his other cases.[2] The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

**I. SCREENING STANDARD**

  "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

///

---

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. See 28 U.S.C. § 1915(h).

[2] Although it is Plaintiff's responsibility to ensure that documents are filed in his other cases, the Court notes that it appears that his application to proceed without prepayment of fees or costs was filed in his other open cases. However, many of the case referenced in Plaintiff's motion have been closed.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at Warm Springs Correctional Center ("WSCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Ms. Christine Evans, Jackson Hardy, Nevada Department of Corrections, Charles Daniels, Attorney General State of Nevada. (*Id.* at 1-3.) Plaintiff brings two counts and seeks monetary relief. (*Id.* at 3-10.)

The complaint alleges the following: Ms. Evans, the law librarian, has denied Plaintiff's request for legal copies. (*Id.* at 3.) She has refused to give Plaintiff copies of complaints, binding arbitration, and settlement paperwork from the better business bureau. (*Id.*) Plaintiff has been denied consultations to prepare civil filings, denied a notary and law records, and denied copies of an inmate certificate of financial status to proceed *in forma pauperis*. (*Id.*) Plaintiff has only been allowed to pursue legal matters regarding his current criminal proceedings and the conditions of his confinement. (*Id.*)

Evans has also lied to the associate warden about the current policies regarding legal copies at the prison, citing to out of date policies. (*Id.* at 4.) As a result, Plaintiff's grievances about legal copies were denied. (*Id.*) Plaintiff was also told that he had to stop showing up at the law library or he would be subject to disciplinary action. (*Id.*) Plaintiff was told he could not ask any questions that did not pertain to either his current conviction or the conditions of his confinement. (*Id.* at 6.)

Evans collected Plaintiff's summons and complaint regarding a civil suit against the Alameda County Sheriff's Office and Dublin police officer Walter Riley, but she went on vacation without mailing the complaint, and did not make Plaintiff a copy or return it to him. (*Id.* at 5-6.) As a result, Plaintiff missed his opportunity to file the civil suit by the May 19, 2020, deadline. (*Id.*) Evans's actions caused Plaintiff so much stress and fear that he was placed on medication for depression and nightmares, and he is afraid to continue to file more litigation. (*Id.* at 4.)

Based on these allegations, Plaintiff's claims that his First, Fifth, Eighth, and Fourteenth amendment rights were violated. Plaintiff does clearly articulate what claims

3

he is bringing, and none of the allegations appear to give rise to a claim under the Fifth or Eighth Amendments.  As such, the Court dismisses any claim under these Amendments without prejudice.  Based on the allegations in the complaint, the Court construes the complaint as bringing a claim of denial of access to the Courts under the First and Fourteenth Amendments.

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  This right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356.  It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts.  *Id*. at 356-57.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id*. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  *Id*. at 348.  Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests."  *Id*. at 362.

The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id*. at 353 n.3, 354-55.  To sufficiently allege the underlying claim, the complaint must contain a short and plain statement of that case "just as if it were being independently pursued" and a similar plain statement of the lost remedy and any remedy legally available for the access to the courts claim. *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002) (citing Fed. R. Civ. P. 8(a) (requiring

that a complaint must allege a short and plain statement of facts sufficient to show that, if proved, the court should grant plaintiff relief)).

The Court finds that Plaintiff fails to state a colorable claim of denial of access to the Courts.  Although the complaint is not entirely clear, it appears from the allegations, that the law librarian refused to help Plaintiff with any legal suits that were not related to criminal appeals, habeas corpus proceedings, or § 1983 actions.  But those are the only cases that give rise to a right of access to the courts.  Furthermore, even if the Court were to assume that Plaintiff's civil suit against the Alameda County Sheriff's Office and Dublin police officer Walter Riley was a § 1983 action, Plaintiff does not allege any facts demonstrating that it was not frivolous. Accordingly, the allegations in the complaint do not support that Plaintiff suffered any actual prejudice, and the Court dismisses this claim. However, because the complaint is not entirely clear, the Court dismisses this claim without prejudice and with leave to amend.

The Court notes that if Plaintiff wishes to bring a claim of denial of access to the Courts in an amended complaint, he must clearly allege that he lost the ability to bring a non-frivolous criminal appeal, habeas corpus proceeding, or § 1983 action.  To support that any case was not frivolous, he must allege specific facts which demonstrate that the case had merit.  It is not enough to allege generally that the case had merit or was not frivolous, rather, the complaint must lay out the details of the case, demonstrating that the case had merit.

### III.   LEAVE TO AMEND

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself.  See *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); see also *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent

5

amended complaint to preserve them for appeal).  Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.  If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 9) is granted.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

It is further ordered that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that the Court construes the complaint as bringing a claim of denial of access to the courts.  This claim is dismissed without prejudice, and with leave to amend.

It is further ordered that to the extent that Plaintiff intended to bring any claims other than denial of access to the courts, any such claims are dismissed without prejudice and with leave to amend.

It is further ordered that Plaintiff's motion for the Court to file his application to proceed in district court without prepaying fees or costs (ECF No. 8) is denied.  Plaintiff must ensure that any necessary documents are filed in his other cases.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS  27  day of August 2021.

_____
Gloria M. Navarro, Judge
United States District Court